RYAN P. HAMMOND, WSBA #38888
BREANNE LYNCH, WSBA #55242
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
Telephone:  206.623.3300
Fax:   206.447.6965

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BLAKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HILL-ROM COMPANY, INC.,<br><br>　　　　　Defendant. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>DIVERSITY OF CITIZENSHIP<br><br>28 U.S.C. § 1332(a), 1441, 1446(c) |

TO:         Clerk of the Court;

AND TO:    Michael Blake, Plaintiff;

AND TO:    William A. Gilbert, Gilbert Law Firm, PS, Plaintiff's attorney of record.

PLEASE TAKE NOTICE that Defendant Hill-Rom Company, Inc. ("Hillrom" or "Defendant"), by this Notice, now effects the removal of the state action (filed on September 16, 2020, Cause No. 20-2-02545-32) described below from the Superior Court of the State of Washington in and for the County of Spokane to the United States District Court for the Eastern District of Washington at Spokane.  This removal is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a), 1441, and is timely under 28 U.S.C. § 1446.

NOTICE OF REMOVAL TO
FEDERAL COURT - 1

LITTLER MENDELSON, P.C.

4836-8986-4153.1

In support of its Notice of Removal, Defendant provides the following information:

## I. JURISDICTION

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a). Hill-Rom Company, Inc. is the only Defendant, is represented by the undersigned counsel, and consents to removal. As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice.

## II. PLEADINGS

2. On September 16, 2020, Plaintiff initiated a civil action in Spokane County Superior Court by filing a copy of the Summons and Complaint with that Court. A true and correct copy of the Complaint ("Complaint") is attached as **Exhibit 1**. A true and correct copy of the Summons is attached as **Exhibit 2**.

3. On September 16, 2020, the Spokane County Superior Court issued a Case Assignment Notice and Order. A true and correct copy of the same is attached as **Exhibit 3**.

4. On September 17, 2020, Plaintiff first effected service of the Summons and Complaint in this action on Defendant through its registered agent for service of process in the State of Washington, CT Corporation System.

5. Defendant appeared through its counsel in the action in Spokane County Superior Court on October 1, 2020. A true and correct copy of Defendant's Notice of Appearance is attached as **Exhibit 4**.

6. Plaintiff filed a Notice of Unavailability on October 13, 2020. A true and correct copy of the same is attached as **Exhibit 5**.

7. Defendant filed its Answer, Defenses, and Affirmative Defenses in Spokane County Superior Court on October 14, 2020. A true and correct copy of the same is attached as **Exhibit 6**.

8. On February 1, 2021, the Spokane County Superior Court issued a Civil Case Schedule Order. A true and correct copy of the same is attached as **Exhibit 7**.

9. By signing this Notice of Removal, counsel for Defendant verifies that the above-described items attached hereto are true and complete copies of the records and proceedings that Defendant has received in the state court proceeding.

10. Plaintiff's Complaint arises out of his employment with Defendant and alleges causes of action for unlawful discriminatory and/or retaliatory discharge.

### III. DIVERSITY OF CITIZENSHIP

11. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed by the Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

#### A. Plaintiff is a Washington Citizen.

12. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that at all relevant times to the allegations set forth in the Complaint, he was a resident of Spokane County, Washington. Complaint, ¶ 1.1. Plaintiff resides in this state with the intention to permanently remain here, and therefore, Plaintiff is a citizen of the State of Washington. *See* Complaint, ¶ 1.1.

### B. Defendant is Not a Washington Citizen.

13. For diversity purposes, a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).

14. Hill-Rom Company, Inc. is incorporated in the State of Indiana, with its headquarters and principal place of business located in the State of Illinois. Declaration of Christina Andronache ("Andronache Decl."), ¶¶ 2–3. Hillrom's top executives and decision makers are located in Chicago, Illinois, and the corporation's activities are directed out of Illinois. Andronache Decl., ¶ 4. At the time this action was commenced (and continuing to today), Hillrom's principal place of business under the "nerve center" test is Chicago, Illinois, where Hill-Rom Company, Inc., has its headquarters. *See Hertz Corp. v. Friend*, 599 U.S. 77, 80–81 (2010) (a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located). Accordingly, for purposes of diversity of citizenship, Defendant is a citizen of Indiana and Illinois (and not of Washington). *Johnson*, 437 F.3d at 899.

### IV. AMOUNT IN CONTROVERSY

15. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

16. The Complaint is silent as to the total amount of monetary relief claimed. However, Plaintiff's failure to specify the total amount of claimed relief does not deprive the Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding

the failure by plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply be declining . . . to place a specific dollar value upon its claim."). Defendant need only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996) (holding that where plaintiff's state court complaint does not specify a particular amount of damages, defendant bears the burden of establishing by a preponderance of the evidence of the amount in controversy); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted). Under this standard, the defendant must only provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold. *Monumental Life Ins. Co.*, 102 F.3d at 404

17. Plaintiff's Complaint requests that the Court award him "actual damages;" "compensatory, economic, and noneconomic damages;" "attorneys' fees, costs, liquidated damages;" "prejudgment interest;" and "such other relief as the court finds just and equitable." **Ex. 1**, Complaint at 4 ("Prayer for Relief").

18. On December 10, 2020, Defendant served its First Set of Request for Admissions to Plaintiff. See Hammond Decl., ¶ 2, Ex. A.

19. On January 8, 2021, Plaintiff served his Responses to Defendant's First Set of Request for Admissions to Plaintiff. Hammond Decl., ¶ 2, Ex. A. In response to Request No. 1, Plaintiff confirmed that he intends to seek a total recovery in excess of $75,000 in this action, exclusive of interest and costs. Id. Plaintiff's Response to Request No. 1 states, "The damages exceed $75,000." Id. In response to Request No. 2, Plaintiff denied that he affirmatively waives the right to recover damages in this action in excess of $75,000, exclusive of interest and costs. Id. Plaintiff's Response to Request No. 2 states, "Damages exceed $75,000." Id. In response to Request No. 3,

Plaintiff denies that the amount in controversy in this action does not exceed the total sum or value of $75,000, exclusive of interest and costs. Id. Plaintiff's Response to Request No. 3 states, "Damages exceed $75,000." Id. Finally, in response to Request No. 4, Plaintiff denies that neither he nor his attorneys will ask a judge or jury for a total recovery of more than $75,000 (exclusive of interest and costs) in this action. Id. In response to Request No. 4, Plaintiff states, "Damages exceed $75,000." Id.

20. Accordingly, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000, even before the addition of attorneys' fees or costs, which would be recoverable in conjunction with any successful claim brought by a plaintiff pursuant to Chapter 49.60 RCW (the basis for Plaintiff's alleged causes of action). Based on Plaintiff's own admissions, the amount in controversy is in excess of $75,000.00. For these reasons, Plaintiff's requests for relief, in the aggregate, exceed the $75,000 requirement for federal jurisdiction over this matter under 28 U.S.C. § 1332(a).

## V.     TIMELINESS AND VENUE

21. As Plaintiff's Complaint was silent as to the amount of damages in controversy, Plaintiff's Answers to Defendant's First Set of Request for Admission constitute the first "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b). Plaintiff served Defendant with those Answers on January 8, 2021. Pursuant to 28 U.S.C. § 1446(b), Defendant is therefore timely filing this Notice of Removal within thirty (30) days after receipt of the "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

22. Venue is proper (for purposes of removal) in the Eastern District of Washington because this is the court for the district encompassing the place where this

action is currently pending. 28 U.S.C. § 1441(a). Venue is proper at Spokane (for purposes of removal) because the cause of action arose, and the action is pending, in Spokane County.

## VI. NOTICE TO PLAINTIFF AND STATE COURT

23. Written notice of the filing of this Notice of Removal has been given to all parties who have appeared in this action, and a copy of the Notice of Removal has been filed with the Clerk of Court of the Superior Court of the State of Washington, in and for the County of Spokane, because Plaintiff commenced this action and filed his Complaint with the Superior Court.

## VII. RESERVATION OF RIGHTS

24. Nothing in this Notice of Removal is intended to waive any defense, including but not limited to insufficient service of process, insufficient process, or lack of personal jurisdiction.

WHEREFORE, Defendant respectfully requests that this action now pending in the Spokane County Superior Court, State of Washington, be removed to the United States District Court for the Eastern District of Washington at Spokane.

Dated: February 5, 2021

*s/ Ryan P. Hammond*
Ryan P. Hammond, WSBA #38888
rhammond@littler.com

*s/ Breanne F. Lynch*
Breanne Lynch, WSBA #55242
blynch@littler.com
LITTLER MENDELSON, P.C.

Attorneys for Defendant
HILL-ROM COMPANY, INC.

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, WA 98101. I hereby certify that on February 5, 2021, I caused to be served the foregoing document via the method(s) indicated below:

| | |
|---|---|
| ☒ | **FILED** the foregoing document(s) with the U.S. District Court – Eastern District of Washington at Spokane and I served a copy by: |
| ☒ | **EMAIL** to the email address(es) of the person(s) set forth below, *as a courtesy copy.* |
| ☐ | **EMAIL** to the email address(es) of the person(s) set forth below, *pursuant to the parties' agreement to electronic service.* |
| ☐ | **U.S. Mail** to the address(es) of the person(s) set forth below. |
| ☐ | **Hand Delivery** |

**Attorneys for Plaintiff**
William A. Gilbert, WSBA #30592
Gilbert Law Firm, P.S.
421 W. Riverside, Suite 353
Spokane, WA 99201
Tel: 509.321.0750
Fax: 509.343.3315
bill@wagilbert.com

I declare under the penalty of perjury under the laws of the State of Washington that the above is true and correct. Executed on February 5, 2021, at Seattle, Washington.

/s/ Liana Natividad
Liana Natividad
lnatividad@littler.com
**LITTLER MENDELSON, P.C**